UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                CASE NO: 2:11-cr-120-FtM-29SPC

FRANCIS LEIBMANN

### ORDER

This matter comes before the Court on the Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #302) relating to defendant Francis Leibmann filed on July 21, 2014. No response or objection has been filed, and the time to do so has expired.

Upon review, the Court finds that it does have jurisdiction to reduce defendant's sentence, that defendant's cooperation qualifies as substantial assistance, and that the motion should be granted. The Court is not bound by the government's recommended reduction, but has the authority to grant a reasonable reduction based upon its evaluation of factors related to defendant's assistance. United States v. Livesay, 525 F.3d 1081, 1092 (11th Cir. 2008)("It remains true that after the government has made a motion for downward departure pursuant to U.S.S.G. § 5K1.1, the government has no control over whether and to what extent the district court will depart from the Guidelines. [ ] The district court's downward departure need only be reasonable." (internal

citation omitted)). In determining the extent of a § 5K1.1 departure, "the district court must consider the five non-exclusive § 5K1.1 factors, which are: (1) the usefulness of the defendant's assistance; (2) the truthfulness and completeness of the defendant's information and testimony; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or risk of injury or danger to the defendant and his family as a result of his assistance; and (5) the timeliness of the assistance." Livesay, 525 F.3d at 1092. Other factors may be considered only if they relate to the assistance provided by defendant. Id. After considering all the circumstances, the Court concludes that a six level reduction is reasonable and appropriate.

Defendant was sentenced to 120 months imprisonment based upon a mandatory minimum statute. The starting point for a substantial assistance departure is the mandatory minimum sentence rather than a lower guideline range. United States v. Head, 178 F.3d 1205, 1208 (11th Cir. 1999). Defendant's criminal history category is II, and the first offense level in which 120 months is found is offense level 29. The 6 level reduction results in offense level 23; at Criminal History Category II the resulting range of imprisonment is 51-63 months. The Court finds that a sentence of 51 months imprisonment is sufficient, but not greater than necessary, to comply with the purposes of sentencing as set forth in 18 U.S.C. § 3553(a) after considering defendant's substantial

assistance in addition to the previously considered advisory recommendation of the Sentencing Guidelines and all the factors identified at 18 U.S.C. § 3553(a)(1)-(7). All other components of the previously imposed sentence (Doc. #215) shall remain as imposed.

Accordingly, it is now

**ORDERED:**

1. The Motion by the United States for Reduction in Sentence Pursuant to Fed. R. Crim. P. 35(b) (Doc. #302) is **GRANTED** as set forth above.

2. The Clerk of the Court shall enter an amended judgment reducing the sentence imposed to 51 months imprisonment as to the above-named defendant, and otherwise leaving all other components of the sentence as imposed in the previously entered judgment.

**DONE AND ORDERED** at Fort Myers, Florida this __9th__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record

U.S. Probation
U.S. Marshal
DCCD

Southeast Regional Office
Federal Bureau of Prisons
3800 Camp Creek Parkway, Bldg. 2000
Atlanta, GA 30331